Opinion issued on June 28, 2002


 


 








In The

Court of Appeals

For The

First District of Texas






NO. 01-99-01243-CV






MEGA CHILD CARE, INC., Appellant


V.


TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY
SERVICES, Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 99-22479






O P I N I O N 

 Appellant, Mega Child Care, Inc., sought judicial review of a decision issued
by an administrative law judge from the State Office of Administrative Hearings. 
Appellee, the Texas Department of Protective and Regulatory Services (TDPRS),
filed a plea to the jurisdiction. The district court granted TDPRS's plea to the
jurisdiction and dismissed Mega Child Care's suit. We reverse and remand.

BACKGROUND

 TDPRS is the state agency charged with: (1) providing protective services for
children and elderly and disabled persons; (2) providing family support and family
preservation services; (3) regulating child-care facilities and child-care
administrators; and (4) implementing and managing programs intended to provide
early intervention or prevent at-risk behaviors. Tex. Hum. Res. Code Ann.
§40.002(b) (Vernon 2001). 

 Bonita Odutayo is the owner and operator of Mega Child Care, a child-care
facility. After finding that Mega Child Care had not complied with TDPRS rules and
standards, TDPRS revoked Mega Child Care's license to operate. (1) An administrative
law judge (ALJ) from the State Office of Administrative Hearings (SOAH) upheld
the revocation of Mega Child Care's license. 

 Mega Child Care sought judicial review of the ALJ's decision. In its plea to
the jurisdiction, TDPRS contended that Mega Child Care did not have any statutory
right to judicial review. The district court granted TDPRS's plea to the jurisdiction
and dismissed Mega Child Care's suit. (2) This appeal followed.

DISCUSSION

 In issue one, Mega Child Care contends that it has a statutory right to judicial
review. We agree. 


 Standard of Review


 Whether a trial court has subject-matter jurisdiction is a question of law and is
reviewed de novo. Subaru of America, Inc., v. David McDAvid Nissan, Inc. D/B/A
David McDAvid Subaru, No. 00-0292, slip op. at 8-9 (Tex. June 27, 2002); Mayhew
v. Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). When conducting a de novo review,
an appellate court exercises its own judgment and redetermines each legal issue,
giving no deference to the trial court's decision. Quick v. City of Austin, 8 S.W.3d
109, 116 (Tex. 1998).




 General Rules


 District courts are courts of general jurisdiction. Subaru, No. 00-0292, slip op.
at 6; Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). The Texas
Constitution provides that a district court's jurisdiction consists of exclusive,
appellate, and original jurisdiction of all actions except cases where exclusive,
appellate, or original jurisdiction may be conferred by the constitution or other law
on some other court, tribunal or administrative body. Tex. Const. art. V,§ 8; Subaru,
No. 00-0292, slip op. at 6. Thus, there is a presumption that a trial court has
jurisdiction unless the legislature has mandated that a party present its claims
elsewhere. Subaru, No. 00-0292, slip op. at 6; Dubai Petroleum, 12 S.W.3d at 75.

 Administrative agencies, however, have no authority to resolve disputes unless
they are given that authority in clear and express statutory language. Key W. Life Ins.
Co. v. State Bd. of Ins., 350 S.W.2d 839, 848 (Tex. 1961). Courts will not imply
additional authority to agencies, nor may agencies create excess powers for
themselves. Key W. Life, 350 S.W.2d at 848.

 The legislature may expressly grant authority to an agency to make the initial
determination in a dispute, thus giving the agency "exclusive jurisdiction" for initial
determination purposes. Cash Am. Int'l Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 
2000); see Cont'l Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 447 (Tex. 1996). 
However, even if a state agency has such exclusive jurisdiction, a party may generally
seek judicial review of that agency's findings once the party has exhausted all
administrative remedies. Subaru, No. 00-0292, slip op. at 8; See Cash Am., 35
S.W.3d at 15; Tex. Gov't Code Ann. § 2001.171 (Vernon 2000). 


 Contested Proceedings before TDPRS


 The TDPRS is subject to chapter 2001 of the Texas Government Code,
commonly known as the Administrative Procedure Act. Tex. Hum. Res. Code Ann.
§ 40.006 (Vernon 2001); Tex. Govt. Code Ann. § 2001.002 (Vernon 2000). Under
the Administrative Procedure Act, SOAH conducts hearings in contested cases. Tex.
Govt. Code Ann. § 2001.058 (Vernon 2000). 

 Mega Child Care is subject to Chapter 42 of the Human Resources Code,
which governs the regulation of certain facilities, homes, and agencies that provide
child-care services. Section 42.072 provides, in part, as follows:

 (a) The department [TDPRS] may suspend, deny, revoke, or
refuse to renew the license, listing, registration, or certification of
approval of a facility or family home that does not comply with the
requirements of this chapter, the standards and rules of the department,
or the specific terms of the license, listing, registration, or certification. 
The department may revoke the probation of a person whose license,
listing, or registration is suspended if the person violates a term of the
conditions of probation.


 (b) If the department proposes to take action under Subsection (a),
the person is entitled to a hearing conducted by the State Office of
Administrative Hearings. Proceedings for disciplinary action are
governed by the administrative procedure law, Chapter 2001,
Government Code. . . . 


Tex. Hum. Res. Code Ann. §§ 42.072 (a), (b) (Vernon Supp. 2002) (emphasis
added). Section 2001.171 of the Administrative Procedure Act reads as follows:

"A person who has exhausted all administrative remedies available within a state
agency and who is aggrieved by a final decision in a contested case is entitled to
judicial review under this chapter." Tex. Gov't Code Ann. § 2001.171.

 In the present case, Mega Child Care exhausted all available administrative
remedies and was entitled to judicial review. See Tex. Gov't Code Ann. §
2001.171; Cash Am., 35 S.W.3d at 15-17. Accordingly, the trial court erred when it
granted the TDPRS's plea to the jurisdiction.

 We sustain issue one. In light of our disposition under issue one, it is
unnecessary for us to reach the merits of Mega Child Care's other issues, and we
decline to do so.







Conclusion

 We reverse the judgment and remand the case to the trial court.








 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Jennings, and Duggan. (3)

Justice Jennings dissenting.

Publish. Tex. R. App. P. 47.
1. No person may operate, without a license or certificate of accreditation issued
by TDPRS, a child-care facility. Tex. Hum. Res. Code Ann. § 42.041(a)
(Vernon Supp. 2002).
2. Following the dismissal, TDPRS notified Mega Child Care that it could no
longer operate. Mega Child Care continued to do so. TDPRS sought an
injunction against Mega Child Care, which the district court granted. Mega
Child Care appealed the injunction, and the appellate court affirmed. See
Mega Child Care, Inc. v. Texas Dep't of Protective & Regulatory Servs., 29
S.W.3d 303, 307-15 (Tex. App.--Houston [14th Dist.] 2000, no pet.). 
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.